ARDC # 6244011                    #10447 AJT/PNP

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| JEFFREY E. MARTIN,　　　　　　　　　) | |
| 　　　　　　　　　　　　　　　　　　) | Civil Action No.: 20-cv-06580 |
| 　　　　Plaintiff,　　　　　　　　　　) | |
| 　　　　　　　　　　　　　　　　　　) | |
| 　　v.　　　　　　　　　　　　　　　) | Hon. Charles R. Norgle, Sr. |
| 　　　　　　　　　　　　　　　　　　) | Magistrate, Hon. Heather K. McShain |
| MEIJER, INC., d/b/a MEIJER, MEIJER　) | |
| STORES LIMITED PARTNERSHIP,　　　) | |
| MEIJER GREAT LAKES LIMITED　　　) | |
| PARTNERSHIP, and MEIJER GROUP,　) | Circuit Court of Cook County, |
| INC.,　　　　　　　　　　　　　　　) | Illinois Case No. 2020 L 010578 |
| 　　　　　　　　　　　　　　　　　　) | |
| 　　　　Defendants.　　　　　　　　　) | |

### DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AT LAW and
### AFFIRMATIVE DEFENSES

NOW COME Defendants, MEIJER, INC. d/b/a MEIJER, MEIJER STORES LIMITED

PARTNERSHIP, MEIJER GREAT LAKES LIMITED PARTNERSHIP and MEIJER GROUP,

INC., by and through their attorneys, CUNNINGHAM, MEYER & VEDRINE, P.C., and for

their Answer to Plaintiff's Complaint at Law, state as follows:

### COUNT I
### [JEFFREY E. MARTIN v. MEIJER, INC. d/b/a MEIJER - Negligence]

1.　　　Plaintiff JEFFREY E. MARTIN ("JEFFREY") was born on September 25, 1956.

**ANSWER:**　　**Upon information and belief, Defendant admits the allegations contained in paragraph 1, Count I of Plaintiff's Complaint at Law.**

2.　　　On January 20, 2019, JEFFREY lived at 805 S. Salem Avenue in Arlington

Heights, IL 60005.

**ANSWER:**　　**Upon information and belief, Defendant admits the allegations contained in paragraph 2, Count I of Plaintiff's Complaint at Law.**

1

3.     On and prior to January 20, 2019, Defendant MEIJER, INC. d/b/a MEIJER

("MEIJER") was a foreign corporation licensed to do and doing business in the State of Illinois.

**ANSWER:**     **Defendant admits only that it was a foreign corporation licensed to do business in Illinois.  Defendant denies the remaining allegations contained paragraph 3, Count I of Plaintiff's Complaint at Law.**

4.     On and prior to January 20, 2019, Defendant MEIJER had its registered agent, CT

Corporation System located at 208 So LaSalle Street, Suite 814 in Chicago, IL 60604.

**ANSWER:**     **Defendant admits the allegations contained in paragraph 4, Count I of Plaintiff's Complaint at Law.**

5.     On and prior to January 20, 2019, Defendant MEIJER was in the business of

selling retail products, grocery products and related services throughout the Chicagoland area,

including in Cook County, Illinois.

**ANSWER:**     **Defendant denies the allegations contained in paragraph 5, Count I of Plaintiff's Complaint at Law.**

6.     At all times relevant to this Complaint, the Defendant owned and operated

grocery and general merchandise retail stores, including the MEIJER store located at 1301

Meijer Road in Rolling Meadows, IL 60008.

**ANSWER:**     **Defendant denies the allegations contained in paragraph 6, Count I of Plaintiff's Complaint at Law.**

7.     At all times relevant to this Complaint, the Defendant, operating through its duly

authorized agents and/or employees, managed the MEIJER store located at 1301 Meijer Road in

Rolling Meadows, IL 60008.

**ANSWER:**     **Defendant denies the allegations contained in paragraph 7, Count I of Plaintiff's Complaint at Law.**

8.     At all times relevant to this Complaint, the Defendant, operating through its duly

authorized agents and/or employees, maintained the MEIJER store located at 1301 Meijer Road

in Rolling Meadows, IL 60008.

**ANSWER:** **Defendant denies the allegations contained in paragraph 8, Count I of Plaintiff's Complaint at Law.**

9.      At all times relevant to this Complaint, and for a substantial period prior thereto, the Defendant held out said retail store to the public for use by business invitees, including the Plaintiff, JEFFREY.

**ANSWER:** **Defendant denies the allegations contained in paragraph 9, Count I of Plaintiff's Complaint at Law.**

10.      Plaintiff JEFFREY was at all times relevant to this Complaint a business invitee legally on the premises of the Defendant's retail store.

**ANSWER:** **Defendant admits only that Plaintiff was a business invitee who was legally upon the premises but denies the remaining allegations contained in paragraph 10, Count I of Plaintiff's Complaint at Law.**

11.      On January 20, 2019, it was the duty of Defendant, acting through its duly authorized agents and/or employees, to exercise reasonable care in maintaining its stores, including making sure that there were no hazardous substances on the floor.

**ANSWER:** **Defendant denies the allegations contained in paragraph 11, Count I of Plaintiff's Complaint at Law.**

12.      On January 20, 2019, the Defendant, acting through its duly authorized agents and/or employees, committed the following negligent acts and/or omissions:

a.      Failed to properly maintain its stores so as to prevent injury to its patrons including the Plaintiff;

b.      Failed to properly inspect its store so as to prevent injury to its patrons including the Plaintiff;

c.      Failed to keep the floor free of hazardous substances so as   to prevent injury to its patrons including the Plaintiff;

d.      Failed to warn patrons of a slipping hazard present on the store floor when it knew or should have known that such a hazard was present;

3

e.    Failed to keep the store floors in a properly maintained condition so as to prevent injury to patrons including the Plaintiff; and/or

f.    Was otherwise careless and negligent.

**ANSWER:    Defendant denies the allegations contained in paragraph 12, Count I of Plaintiff's Complaint at Law, including sub-paragraphs a.-f., inclusive.**

13.    As a direct and proximate result of one or more of the Defendant's negligent acts and/or omissions, JEFFREY was in the store pushing a shopping cart full of groceries and was caused to slip and fall on a hazardous substance present on the ground, and sustained severe and permanent injuries including, but not limited to, a dislocation of his left knee.

**ANSWER:    Defendant denies the allegations contained in paragraph 13, Count I of Plaintiff's Complaint at Law.**

14.    As a direct and proximate result of the above-described incident, JEFFREY was caused to sustain severe, permanent, aggravating, and disabling injuries; to suffer great pain and anguish in both body and mind and in the future will continue to so suffer; to incur and expend large obligations for and in the future will continue to expend and incur obligations for large sums of money for medical care; and to be hindered and/or prevented from engaging in his usual duties and affairs, including his employment as an attorney.

**ANSWER:    Defendant denies the allegations contained in paragraph 14, Count I of Plaintiff's Complaint at Law.**

WHEREFORE, Defendant, MEIJER, INC. d/b/a MEIJER, states that Plaintiff is not entitled to judgment in any sum whatsoever and ask that this Honorable Court to dismiss this cause with prejudice and without costs.

## COUNT II
### [JEFFREY E. MARTIN v. MEIJER STORES LIMITED PARTNERSHIP - Negligence]

1.    Plaintiff JEFFREY E. MARTIN ("JEFFREY") was born on September 25, 1956.

**ANSWER:    Upon information and belief, Defendant admits the allegations contained in**

paragraph 1, Count II of Plaintiff's Complaint at Law.

2.    On January 20, 2019, JEFFREY lived at 805 S. Salem Avenue in Arlington Heights, IL 60005.

**ANSWER:**    **Upon information and belief, Defendant admits the allegations contained in paragraph 2, Count II of Plaintiff's Complaint at Law.**

3.    On and prior to January 20, 2019, Defendant MEIJER STORES LIMITED PARTNERSHIP was a foreign corporation licensed to do and doing business in the State of Illinois with its registered agent located in the State of Michigan.

**ANSWER:**    **Defendant admits the allegations contained in paragraph 3, Count II of Plaintiff's Complaint at Law.**

4.    On and prior to January 20, 2019, Defendant MEIJER STORES LIMITED PARTNERSHIP was in the business of selling retail products and related services throughout the Chicagoland area, including in Cook County, Illinois.

**ANSWER:**    **Defendant admits the allegations contained in paragraph 4, Count II of Plaintiff's Complaint at Law.**

5.    At all times relevant to this Complaint, the Defendant owned and operated grocery and general merchandise retail stores, including the MEIJER store located at 1301 Meijer Road in Rolling Meadows, IL 60008.

**ANSWER:**    **Defendant admits only that it owned the premises located at 1301 Meijer Road in Rolling Meadows. Defendant denies the remaining allegations contained in paragraph 5, Count II of Plaintiff's Complaint at Law.**

6.    At all times relevant to this Complaint, the Defendant, operating through its duly authorized agents and/or employees, managed the MEIJER store located at 1301 Meijer Road in Rolling Meadows, IL 60008.

**ANSWER:**    **Defendant admits only that it had employees at the store located at 1301 Meijer Road in Rolling Meadows and denies the remaining allegations contained in paragraph 6, Count II of Plaintiff's Complaint at Law.**

7.      At all times relevant to this Complaint, the Defendant, operating through its duly

authorized agents and/or employees, maintained the MEIJER store located at 1301 Meijer Road

in Rolling Meadows, IL 60008.

**ANSWER:**      **Defendant admits only that it had employees at the store located at 1301 Meijer Road in Rolling Meadows and denies the remaining allegations contained in paragraph 7, Count II of Plaintiff's Complaint at Law.**

8.      At all times relevant to this Complaint, and for a substantial period prior thereto,

the Defendant held out said retail store to the public for use by business invitees, including the

Plaintiff, JEFFREY.

**ANSWER:**      **Defendant admits the allegations contained in paragraph 8, Count II of Plaintiff's Complaint at Law.**

9.      Plaintiff JEFFREY was at all times relevant to this Complaint, a business invitee

legally on the premises of the Defendant's retail store.

**ANSWER:**      **Defendant admits the allegations contained in paragraph 9, Count II of Plaintiff's Complaint at Law.**

10.      On January 20, 2019, it was the duty of Defendant, acting through its duly

authorized agents and/or employees, to exercise reasonable care in maintaining its stores,

including making sure that there were no hazardous substances on the floor.

**ANSWER:**      **Defendant admits only those duties imposed by law, Defendant further denies that Plaintiff has accurately described said duties and further denies any breach of duty as alleged in paragraph 10, Count II of Plaintiff's Complaint at Law.**

11.      On January 20, 2019, the Defendant, acting through its duly authorized agents

and/or employees, committed the following negligent acts and/or omissions:

a.      Failed to properly maintain its store so as to prevent injury to its patrons including the Plaintiff;

b.      Failed to properly inspect its store so as to prevent injury to its patrons including the Plaintiff;

c.     Failed to keep the floor free of hazardous substances so as to prevent injury to its patrons including the Plaintiff;

d.     Failed to warn patrons of a slipping hazard present on the store floor when it knew or should have known that such a hazard was present;

e.     Failed to keep the store floor in a properly maintained condition so as to prevent injury to patrons including the Plaintiff; and/or

f.     Was otherwise careless and negligent.

**ANSWER:     Defendant denies the allegations contained in paragraph 11, Count II of Plaintiff's Complaint at Law, including sub-paragraphs a.-f., inclusive.**

12.     As a direct and proximate result of one or more of the Defendant's negligent acts and/or omissions, while JEFFREY was in the store pushing a shopping cart full of groceries, he was caused to slip and fall on a hazardous substance present on the ground, and sustained severe and permanent injuries including, but not limited to, a dislocation of his left knee.

**ANSWER:     Defendant denies the allegations contained in paragraph 12, Count II of Plaintiff's Complaint at Law.**

13.     As a direct and proximate result of the above-described incident, JEFFREY was caused to sustain severe, permanent, aggravating, and disabling injuries; to suffer great pain and anguish in both body and mind and in the future will continue to so suffer; to incur and expend large obligations for and in the future will continue to expend and incur obligations for large sums of money for medical care; and to be hindered and/or prevented from engaging in his usual duties and affairs, including his employment as an attorney.

**ANSWER:     Defendant denies the allegations contained in paragraph 13, Count II of Plaintiff's Complaint at Law.**

WHEREFORE, Defendant, MEIJER STORES LIMITED PARTNERSHIP, states that Plaintiff is not entitled to judgment in any sum whatsoever and ask that this Honorable Court to dismiss this cause with prejudice and without costs.

## COUNT III
**[JEFFREY E. MARTIN v. MEIJER GREAT LAKES LIMITED PARTNERSHIP -
Negligence]**

1.      Plaintiff JEFFREY E. MARTIN ("JEFFREY") was born on September 25, 1956.

**ANSWER:      Upon information and belief, Defendant admits the allegations contained in
paragraph 1, Count III of Plaintiff's Complaint at Law.**

2.      On January 20, 2019, JEFFREY lived at 805 S.  Salem Avenue in Arlington

Heights, IL 60005.

**ANSWER:      Upon information and belief, Defendant admits the allegations contained in
paragraph 2, Count III of Plaintiff's Complaint at Law.**

3.      On and prior to January 20, 2019, Defendant MEIJER GREAT LAKES

LIMITED PARTNERSHIP was a foreign corporation licensed to do and doing business in the

State of Illinois with its registered agent located in the State of Michigan.

**ANSWER:      Defendant admits the allegations contained in paragraph 3, Count III of
Plaintiff's Complaint at Law.**

4.      On and prior to January 20, 2019, Defendant MEIJER GREAT LAKES

LIMITED PARTNERSHIP was in the business of selling retail products and related services

throughout the Chicagoland area, including in Cook County, Illinois.

**ANSWER:      Defendant admits the allegations contained in paragraph 4, Count III of
Plaintiff's Complaint at Law.**

5.      At all times relevant to this Complaint, the Defendant owned and operated

grocery and general merchandise retail stores, including the MEIJER store located at 1301

Meijer Road in Rolling Meadows, IL 60008.

**ANSWER:      Defendant denies that it owned he premises located at 1301 Meijer Road in
Rolling Meadows.  Defendant admits the remaining allegations contained in
paragraph 5, Count III of Plaintiff's Complaint at Law.**

6.     At all times relevant to this Complaint, the Defendant, operating through its duly

authorized agents and/or employees, managed the MEIJER store located at 1301 Meijer Road in

Rolling Meadows, IL 60008.

**ANSWER:     Defendant admits only that it managed the premises located at 1301` Meijer Road in Rolling Meadows and denies the remaining allegations contained in paragraph 6, Count III of Plaintiff's Complaint at Law.**

7.     At all times relevant to this Complaint, the Defendant, operating through its duly

authorized agents and/or employees, maintained the MEIJER store located at 1301 Meijer   Road

in Rolling Meadows, IL 60008.

**ANSWER:     Defendant admits only that it maintained the premises located at 1301 Meijer Road in Rolling Meadows and denies all further allegations contained in paragraph 7, Count III of Plaintiff's Complaint at Law.**

8.     On January 20, 2019, it was the duty of Defendant, acting through its duly

authorized agents and/or employees, to exercise reasonable care in maintaining its stores,

including making sure that there were no hazardous substances on the floor.

**ANSWER:     Defendant denies that it employed anyone at said premises.  Defendant further admits only those duties imposed by law and further denies that Plaintiff has accurately stated said duties and denies any breach thereof.**

9.     On January 20, 2019, the Defendant, acting through its duly authorized agents

and/or employees, committed the following negligent acts and/or omissions:

a.     Failed to properly maintain its store so as to prevent injury to its patrons including the Plaintiff;

b.     Failed to properly inspect its store so as to prevent injury to its patrons including the Plaintiff;

c.     Failed to keep the floor free of hazardous substances so as to prevent injury to its patrons including the Plaintiff;

d.     Failed to warn patrons of a slipping hazard present on the store floor when it knew or should have known that such a hazard was present;

e.     Failed to keep the store floor in a properly maintained condition so as to prevent injury to patrons including the Plaintiff; and/or

f.     Was otherwise careless and negligent.

**ANSWER:**    **Defendant denies the allegations contained in paragraph 9, Count III of Plaintiff's Complaint at Law.**

10.    As a direct and proximate result of one or more of the Defendant's negligent acts and/or omissions, while JEFFREY was in the store pushing a shopping cart full of groceries, he was caused to slip and fall on a hazardous substance present on the ground, and sustained severe and permanent injuries including, but not limited to, a dislocation of his left knee.

**ANSWER:**    **Defendant denies the allegations contained in paragraph 10, Count III of Plaintiff's Complaint at Law.**

11.    As a direct and proximate result of the above-described incident, JEFFREY was caused to sustain severe, permanent, aggravating, and disabling injuries; to suffer great pain and anguish in both body and mind and in the future will continue to so suffer; to incur and expend large obligations for and in the future will continue to expend and incur obligations for large sums of money for medical care; and to be hindered and/or prevented from engaging in his usual duties and affairs, including his employment as an attorney.

**ANSWER:**    **Defendant denies the allegations contained in paragraph 11, Count III of Plaintiff's Complaint at Law.**

WHEREFORE, Defendant, MEIJER GREAT LAKES LIMITED PARTNERSHIP, states that Plaintiff is not entitled to judgment in any sum whatsoever and ask that this Honorable Court to dismiss this cause with prejudice and without costs.

**COUNT IV**
**[JEFFREY E. MARTIN v. MEIJER GROUP, INC. - Negligence]**

1.    Plaintiff JEFFREY E. MARTIN ("JEFFREY") was born on September 25, 1956.

**ANSWER:**    **Upon information and belief, Defendant admits the allegations contained in**

paragraph 1, Count IV of Plaintiff's Complaint at Law.

2.      On January 20, 2019, JEFFREY lived at 805 S. Salem Avenue in Arlington

Heights, IL 60005.

**ANSWER:      Upon information and belief, Defendant admits the allegations contained in paragraph 2, Count IV of Plaintiff's Complaint at Law.**

3.      On and prior to January 20, 2019, Defendant MEIJER GROUP, INC. was a

foreign corporation licensed to do and doing business in the State of Illinois.

**ANSWER:      Defendant admits the allegations contained in paragraph 3, Count IV of Plaintiff's Complaint at Law.**

4.      On and prior to January 20, 2019, Defendant MEIJER GROUP, INC. had its

registered agent, CT Corporation System located at 208 So LaSalle Street, Suite 814 in Chicago,

IL 60604.

**ANSWER:      Defendant admits the allegations contained in paragraph 4, Count IV of Plaintiff's Complaint at Law.**

5.      On and prior to January 20, 2019, Defendant MEIJER GROUP, INC. was in the

business of selling retail products and related services throughout the Chicagoland area,

including in Cook County, Illinois.

**ANSWER:      Defendant denies the allegations contained in paragraph 5, Count IV of Plaintiff's Complaint at Law.**

6.      At all times relevant to this Complaint, the Defendant owned and operated

grocery and general merchandise retail stores, including the MEIJER store located at 1301

Meijer Road in Rolling Meadows, IL 60008.

**ANSWER:      Defendant denies the allegations contained in paragraph 6, Count IV of Plaintiff's Complaint at Law.**

7.      At all times relevant to this Complaint, the Defendant, operating through its duly

authorized agents and/or employees, managed the MEIJER store located at 1301 Meijer Road in

Rolling Meadows, IL 60008.

**ANSWER:** **Defendant denies the allegations contained in paragraph 7, Count IV of Plaintiff's Complaint at Law.**

8.     At all times relevant to this Complaint, the Defendant, operating through its duly authorized agents and/or employees, maintained the MEIJER store located at 1301 Meijer Road in Rolling Meadows, IL 60008.

**ANSWER:** **Defendant denies the allegations contained in paragraph 8, Count IV of Plaintiff's Complaint at Law.**

9.     On January 20, 2019, it was the duty of Defendant, acting through its duly authorized agents and/or employees, to exercise reasonable care in maintaining its stores, including making sure that there were no hazardous substances on the floor.

**ANSWER:** **Defendant denies the allegations contained in paragraph 9, Count IV of Plaintiff's Complaint at Law.**

10.     On January 20, 2019, the Defendant, acting through its duly authorized agents and/or employees, committed the following negligent acts and/or omissions:

a.     Failed to properly maintain its store so as to prevent injury to its patrons including the Plaintiff;

b.     Failed to properly inspect its store so as to prevent injury to its patrons including the Plaintiff;

c.     Failed to keep the floor free of hazardous substances so as to prevent injury to its patrons including the Plaintiff;

d.     Failed to warn patrons of a slipping hazard present on the store floor when it knew or should have known that such a hazard was present;

e.     Failed to keep the store floor in a properly maintained condition so as to prevent injury to patrons including the Plaintiff; and/or

f.     Was otherwise careless and negligent.

**ANSWER:** **Defendant denies the allegations contained in paragraph 10, Count IV of Plaintiff's Complaint at Law, including sub-paragraphs a.-f., inclusive.**

11.     As a direct and proximate result of one or more of the Defendant's negligent acts and/or omissions, while JEFFREY was in the store pushing a shopping cart full of groceries, he was caused to fall on a hazardous substance present on the ground, and sustained severe and permanent injuries including, but not limited to, a dislocation of his left knee.

**ANSWER:**     **Defendant denies the allegations contained in paragraph 11, Count IV of Plaintiff's Complaint at Law.**

12.     As a direct and proximate result of the above-described incident, JEFFREY was caused to sustain severe, permanent, aggravating, and disabling injuries; to suffer great pain and anguish in both body and mind and in the future will continue to so suffer; to incur and expend large obligations for and in the future will continue to expend and incur obligations for large sums of money for medical care; and to be hindered and/or prevented from engaging in his usual duties and affairs, including his employment as an attorney.

**ANSWER:**     **Defendant denies the allegations contained in paragraph 12, Count IV of Plaintiff's Complaint at Law.**

WHEREFORE, Defendant, MEIJER GROUP, INC., states that Plaintiff is not entitled to judgment in any sum whatsoever and ask that this Honorable Court to dismiss this cause with prejudice and without costs.

**DEFENDANTS DEMAND TRIAL BY JURY.**

<strong>AFFIRMATIVE DEFENSES</strong>

NOW COME Defendants, MEIJER INC. d/b/a MEIJER, MEIJER STORES LIMITED PARTNERSHIP, MEIJER GREAT LAKES LIMITED PARTNERSHIP and MEIJER GROUP, INC., by and through their attorneys, CUNNINGHAM, MEYER & VEDRINE P.C., and pursuant to Paragraph 5/2-613, sub-paragraph (d) of the Illinois Code of Civil of Procedure and for its Affirmative Defenses, state as follows:

1.      At the time and place alleged in his Complaint at Law, the Plaintiff, JEFFREY E.

MARTIN, had a duty to exercise a reasonable degree of care for his own safety and well-being.

Notwithstanding said duty, Plaintiff was negligent in one or more of the following ways:

a)      Plaintiff failed to use due care and caution while walking causing him to slip;

b)      Plaintiff failed to keep a proper lookout as to where he was walking; and,

c)      Plaintiff failed to keep a lookout for hazards on the floor that might cause him to fall;

d)      Plaintiff knew or should have known in the exercise of reasonable care that the weather conditions outside could lead to ice and/or water being tracked inside the premises;

e)      Plaintiff failed to observe an open and obvious warning and conditions while walking in said premises.

2.      The Plaintiff's own conduct, as described above, was the sole proximate cause of

the occurrence complained of and, therefore, Plaintiff is entitled to no recovery in the trial of this

cause.

3.      In the alternative, Plaintiff's conduct constitutes contributory fault which is

greater than 50% of the proximate cause of the injury and damages alleged and, therefore,

Plaintiff should be barred from recovering any damages at the trial of this cause pursuant to

Paragraph 5/2-1160, the Illinois Code of Civil Procedure.

4.      Further pleading in the alternative, the Plaintiff's own negligence in an amount

less than 50% of the total proximately caused her injuries and the amount of any judgment

rendered against the Defendants should be reduced *pro rata* in accordance with the Plaintiff's

own contributory negligence in causing her injuries.

WHEREFORE, Defendants, MEIJER, INC. d/b/a MEIJER, MEIJER STORES LIMITED

PARTNERSHIP, MEIJER GREAT LAKES LIMITED PARTNERSHIP and MEIJER GROUP,

INC. request judgment in their favor or in the alternative, that any amount of judgment entered in

14

Plaintiff's favor be reduced commensurate with a relative degree of fault attributed to the Plaintiff.

Respectfully submitted,

MEIJER, INC. d/b/a MEIJER,
MEIJER STORES LIMITED PARTNERSHIP,
MEIJER GREAT LAKES LIMITED
PARTNERSHIP, and MEIJER GROUP, INC.,

By:   _____

Amy J. Thompson, One of their Attorneys

Amy J. Thompson – ARDC #6244011
athompson@cmvlaw.com
Peter N. Papageorgiou – ARDC #6322746
ppapageorgiou@cmvlaw.com
*Attorneys for Defendants*
CUNNIGHAM, MEYER & VEDRINE, P.C.
1 East Wacker Drive
Suite 2200
Chicago, Illinois 60601
Ph: (312) 578-0049